UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **MAN AGAINST XTINCTION,** *as Citizen Attorney General*, a/k/a **RICHARD MAXIMUS STRAHAN**,[1]<br><br>      **Plaintiff,**<br><br>      v.<br><br>**MASSACHUSETTS PORT AUTHORITY,**<br><br>      **Defendant.** | Civil Action No. 21-cv-10185--DJC |

## ORDER

**CASPER, J.**                                                                                          **February 10, 2021**

Plaintiff Richard Maximus Strahan ("Strahan"), who is proceeding *pro se* and identifies himself in the caption of the complaint as "Man Against Xtinction, *as Citizen Attorney General*," has a filed a complaint against the Massachusetts Port Authority ("Massport"). D. 1. Strahan alleges that Massport is violating the Endangered Species Act by its unauthorized "taking" of the Northern Right Whale. He further alleges that Massport "commercially solicit[s] and otherwise compel[s] large ships to transit across" the Northern Right Whale's critical habitat "in order to dock at its facility at the Port of Boston." Id. ¶ 1. Strahan claims that ships using the shipping lanes into the Port of Boston "routinely ram, kill, & injure Northern Right Whales." Id.

Strahan filed with his complaint a motion for a temporary restraining order seeking to enjoin Massport "from allowing any ship to dock at its Port Facilities unless it has first required of

---

[1] Although the first page of the complaint identifies the plaintiff as "Man Against Xtinction *as Citizen Attorney General*," the signature line of the complaint and other papers filed by the plaintiff identify Richard Maximus Strahan as the signatory. Because "[a]n action must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1), Strahan's name is included in the identification of the plaintiff in the case caption and on the docket.

that ship – and unless the operators of the said ship have then complied – that it operates at a speed of 10 Kts or less when it is within 100 miles of the Port of Boston, either entering and/or leaving." D. 4.  Strahan has also filed motions for leave to proceed *in forma pauperis*, D. 2, and to file electronically, D. 3.

Upon review of the complaint and motions, the Court hereby orders:

1. The motion for leave to proceed *in forma pauperis*, D. 2., is GRANTED.

2. The motion for leave to file electronically in this action, D. 3. is GRANTED.

3. The Court shall issue a summons for Massport.  Strahan is responsible for ensuring that Massport is served with the summons and complaint in accordance with Rule 4 of the Federal Rules of Procedure.  Service must be completed within 90 days of the date the summons issues.  Failure to complete service within 90 days may result in dismissal of the action without prior notice from the Court.  See Fed. R. Civ. P. 4(m); L.R. 4.1 (D. Mass.).

4. Because Strahan is proceeding *in forma pauperis*, he may elect to have the United States Marshals Service ("USMS") complete service with all costs of service to be advanced by the United States.  If so asked by the plaintiff, the USMS shall serve a copy of the summons, complaint, and this order upon the defendant as directed by the plaintiff.  The plaintiff is responsible for providing the USMS all copies for service and for completing a USM-285 form for each individual or entity to be served.  The Clerk shall provide the plaintiff with forms and instructions for service by the USMS.

5. The motion for a temporary restraining order, D. 4, is DENIED without prejudice.  Strahan has neither shown that "immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" to the motion, nor "certifie[d] in writing any efforts made to give [the adverse party] notice [of the motion] and the reasons why it

should not be required." Fed. R. Civ. P. 65(b)(1).  Strahan may still seek pre-judgment injunctive relief by filing and serving on Massport a motion for a preliminary injunctive relief and a memorandum in support thereof.  See L.R. 7.1(b)(1) (D. Mass.) (noting that "[a] party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted.  Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion").

**So Ordered.**

                                                /s/ Denise J. Casper
                                                United States District Judge